UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                      Case No.: 8:25-cr-574-RAL-AEP

LAMBERTO PEREZ PAEZ
_____ /

## SENTENCING MEMORANDUM IN SUPPORT OF PROBATION

COMES NOW the Defendant, Lamberto Perez Paez, by and through undersigned counsel, and respectfully submits this Sentencing Memorandum in support of his request for a probationary sentence. This memorandum is submitted pursuant to Rule 32 of the Federal Rules of Criminal Procedure, 18 U.S.C. §§ 3553 and 3661, and the advisory United States Sentencing Guidelines. The requested sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

## STATEMENT OF FACTS

### A. Procedural History

Mr. Perez Paez stands before the Court having pleaded guilty to one count of Illegal Re-Entry of a Deported Alien, in violation of 8 U.S.C. § 1326(a), a Class E felony carrying a maximum penalty of two years' imprisonment and a $250,000 fine. PSR ¶¶ 3, 62-75. He was arrested and

detained on November 20, 2025, and has remained in continuous custody since that date. PSR at 1. An ICE detainer has been lodged. *Id.*

### B. Advisory Guideline Calculations

The defense does not object to the advisory guideline calculations as determined by the United States Probation Office. The Probation Office applied the 2025 Guidelines Manual and determined that the base offense level for a violation of 8 U.S.C. § 1326(a) is 8, pursuant to USSG § 2L1.2(a). PSR ¶ 20. After a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), the total offense level is 6. PSR ¶ 27.

Mr. Perez Paez's criminal history score is two, placing him in Criminal History Category II. PSR ¶ 37. This score is based solely on two prior misdemeanor convictions for driving under the influence and driving without a license, both of which resulted in suspended sentences with only 48 hours of actual custody served. PSR ¶¶ 33–34. The remainder of his criminal history consists of minor, non-violent infractions—such as no driver's license and public intoxication—that did not result in any criminal history points. PSR ¶¶ 31–32, 35. A score of two is the lowest possible within Category II and is just one point above Category I, reflecting a minimal and non-aggravated record.

In sum, the guideline range as calculated by the Probation Office is 1 to

7 months.

### C. Offense Conduct

The offense conduct is nonviolent and involves no weapons, drugs, or victims. Mr. Perez Paez re-entered the United States without authorization after previously being deported. PSR ¶¶8–13.

### D. Personal Background and Family Circumstances

Mr. Perez Paez is a 36-year-old citizen of Mexico, born in Veracruz. PSR ¶42. He has one minor child and has been providing voluntary child support. PSR ¶¶45-46. Upon release, he plans to reside with his extended family in Mexico, who will provide a stable and supportive environment. PSR ¶47. He has expressed a desire to learn English and study the electrical trade to improve his employment prospects and support his family. PSR ¶55. His parents and siblings remain an important part of his support network. PSR ¶45.

## II. LEGAL ARGUMENT

### A. Nature and Circumstances of the Offense

The nonviolent nature of Mr. Perez Paez's offense supports a probationary sentence. The law provides that the Court must consider the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1). Here, Mr. Perez Paez's offense is a nonviolent, Class E felony, with no aggravating

factors, weapons, or victims. PSR ¶¶8–13. The Supreme Court has recognized that the guidelines are advisory and that district courts have broad discretion to impose sentences outside the guideline range based on the individualized circumstances of the case. *Gall v. United States*, 552 U.S. 38, 49–50 (2007). The facts of this case: nonviolent conduct, low guideline range, and no aggravating circumstances, strongly support a probationary sentence.

### B. History and Characteristics of the Defendant

Mr. Perez Paez has minimal criminal history, with a score of two. PSR ¶37. He has accepted responsibility for his actions by pleading guilty and cooperating with the probation officer. PSR ¶18. He has a minor child for whom he provides voluntary support and plans to reside with his extended family in Mexico, where he will have a stable. These factors weigh heavily in favor of probation.

### C. Significant Time Already Served

Mr. Perez Paez has already served significant time in pretrial detention justifying a probationary sentence. The law directs the Court to impose a sentence "sufficient, but not greater than necessary" to achieve the purposes of sentencing. 18 U.S.C. § 3553(a). Mr. Perez Paez has been detained since November 20, 2025, and will have served nearly six months by the time of sentencing. PSR ¶2. This period is squarely within the applicable guideline

range of 1–7 months. PSR ¶63. Further incarceration is unnecessary to achieve the goals of sentencing.

### D. Probation Provides Maximum Supervision and Best Serves Deterrence Goals

Probation would better serve the goals of deterrence and public protection than a custodial sentence. The law requires the Court to consider the need for deterrence and protection of the public under 18 U.S.C. § 3553(a)(2)(B)–(C). Probation allows the Court to impose up to five years of supervision for a Class E felony under 18 U.S.C. § 3561(c)(1), with conditions requiring Mr. Perez Paez to remain outside the United States and not re-enter unlawfully. Probation therefore provides more supervision and a greater deterrent effect than imprisonment followed by deportation.

### E. Family Circumstances and Need to Support Minor Child

Mr. Perez Paez's family circumstances support a probationary sentence. The law recognizes that family obligations and the impact of incarceration on dependents are valid considerations under § 3553(a). Mr. Perez Paez has a minor child for whom he provides voluntary support. PSR ¶46. He will reside with his extended family in Mexico, who will provide a stable and supportive environment. He has concrete plans to improve his vocational skills and support his family upon return to Mexico. Personal circumstances, such as family support needs, are valid considerations in

sentencing thus these factors further support a probationary sentence.

### III. CONCLUSION

For the foregoing reasons, Mr. Perez Paez respectfully requests that the Court impose a sentence of probation. Such a sentence is authorized by the guidelines, is supported by the § 3553(a) factors, and is "sufficient, but not greater than necessary" to achieve the purposes of sentencing. This outcome will allow Mr. Perez Paez to support his family, pursue rehabilitation, and remain under the Court's supervision, thereby best serving the interests of justice.

Dated this 28th day of April 2026.

Respectfully submitted

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone:  (813) 228-2715
Facsimile:   (813) 228-2562
Email: ryan_maguire@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of April 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Yara Dodin, AUSA

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Defender
